UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

        v.                                  CASE NO. 8:11-cr-572-T-17MAP

OMAR BELALCAZAR GARCIA
NIBSON FERNEY MANDINGA CAMPAZ
ALCIVIADES PALACIO MACHADO
WOOTER BASTIAAN VAN COMMEL DUYZINGS
                                               /

**REPORT AND RECOMMENDATION**

The Defendants, who are charged by indictment with conspiracy to violate and violating the Drug Trafficking Vessel Interdiction Act (DTVIA) (*see* 18 U.S.C. § 2285), move to dismiss the indictment per Fed. R. Crim. P. 12(b)(3) claiming the Court is without jurisdiction. Having considered the government's response in opposition to the motion (doc. 50) and the evidence the government presented at the hearing on the motion, I recommend the Defendants' motion be denied for the reasons stated below.[1]

*A. Background*

On October 28, 2011, a United States Coast Guard aircraft spotted a self-propelled semi-submersible vessel in international waters off Honduras. The vessel bore no indicia of nationality, such as a registry number, flag, or hailing port.[2] Before the United States Coast Guard cutter Tampa could interdict the vessel, the vessel's four crew members (the

---

[1] The district judge referred the matter to me for a report and recommendation (doc. 46). *See* 28 U.S.C. § 636.

[2] Extraterritorial jurisdiction is proper if the Defendants' vessel was stateless. *See United States v. Ibarguen-Mosquera*, 634 F.3d 1370, 1379 (11th Cir. 2011).

Defendants) scuttled her for a life raft only to be recovered by a Honduran naval vessel. As the Tampa neared the site, its commander dispatched a team on the cutter's small boat to take custody of the Defendants. Initially, the Hondurans refused to relinquish custody of the Defendants to the Coast Guard; however, after apparently communicating with superiors, they released the Defendants to the Tampa. Officer Andrew Chinque, while aboard the Tampa's small boat and with the aid of his interpreter (Fireman Aikens), asked the Defendants "Right of Visit questions," namely, their names, their master's name, the vessel's nationality, and the vessel's last and next port-of-calls. None of the Defendants identified the vessel's nationality and all denied being its master. Once on board the Tampa, Chinque again asked each Defendant the same questions, and each gave the same answers as before.[3]

### B. Discussion

The Defendants seem to make two arguments against finding jurisdiction under DTVIA: because the semi-submersible sank, the government cannot show it was a stateless vessel; and the Honduran Navy's apprehension of the Defendants somehow denies the government of jurisdiction. I find neither argument persuasive, particularly given the government's substantial proof that the semi-submersible was a stateless craft.

#### 1. *the government's jurisdictional proof*

Per 46 U.S.C. § 70502(d)(1)(B), which 18 U.S.C. § 2285(h) incorporates, a "vessel without nationality" includes "a vessel aboard which the master or individual in charge fails,

---

[3] I take these facts from the testimony of Officer Chinque and Firearm Aikens, as well as from the information the government attaches to its response to the motion to dismiss. Given that these jurisdictional issues are for the Court to decide, *see* 46 U.S.C. §70504(a) and 18 U.S.C. 2285(g), the rules of evidence are inapplicable. *See United States v. Satizabel,* No. 8:06-cr-246-T-17MAP, 2007 WL 1106129 (M.D. Fla. April 11, 2007).

on request of an officer of the United States authorized to enforce applicable provisions of United States law, to make a claim of nationality or registry for that vessel." Officer Chinque made such a request. None of the Defendants when asked acknowledged being the vessel's master, and none asserted its nationality. Their denial satisfies the DTVIA's jurisdictional prerequisites. *Id.*[4]

### 2. *the Honduran release*

The second part of the Defendant's argument is frankly difficult to follow. The Defendants seem to contend they had no duty to answer Officer Chinque's "right of visit" questions while aboard Honduran sovereign property (*i.e.*, the Honduran navy vessel) and that their brief presence on the Honduran vessel somehow imbued them with some legal protection against United States prosecution. Put another way, they say just as the United States could not pluck a defendant from a foreign country and return him here to prosecute, the government should not be able to pluck them from a Honduran naval vessel for prosecution here. I find this argument without merit. International principles, to the extent the Defendants seek the cover of traditional international conventions, govern the conduct of flagged vessels and their crew. Such conventions do not apply to stateless vessels because as such they are considered "international pariahs" having "no internationally known rights to navigate freely on the high seas." *United States v. Ibarguen-Mosquera*, 634 F.3d 1370, 1379 (11th Cir. 2011) (quoting *United States v. Marino-Garcia,* 679 F.2d 1373, 1382 (11th Cir. 1982)). The law places no restrictions upon a nation's right to subject a stateless vessel

---

[4] As if that were not enough, the government's attachments to its response shows the vessel flew no flag and bore none of the indicia of nationality. *United States v. De La Cruz*, 443 F. 3d 830, 832 (11th Cir. 2006).

to its jurisdiction. *Id.* The Hondurans, presumably, could have prosecuted the Defendants; instead, they relinquished the Defendants to the custody of the United States Coast Guard for prosecution under United States law.[5]

*C. Conclusion*

For the reasons stated, I recommend the Defendants' motion to dismiss (doc. 45) be denied.

IT IS SO REPORTED at Tampa, Florida on April 30, 2012.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).

cc: Hon. Elizabeth A. Kovachevich

---

[5] I note that 18 U.S.C. § 2285(e)(1) states that "[i]t is an affirmative defense to a prosecution for a violation of subsection (a), which the defendant has the burden to prove by a preponderance of the evidence, the submersible vessel or semi-submersible vessel involved was, at the time of the offense" a vessel of a foreign nation or met one of the listed exceptions. 18 U.S.C. § 2285(e)(1)((A)-(D).