UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                          CASE NO.  8:11-CR-572-T-17MAP

OMAR BELALCAZAR GARCIA.

_____/

ORDER

This cause is before the Court on the following Motion of pro se Defendant Omar
Belalcazar Garcia:

Dkt. 225        Motion for Rule 35 and Appointment of Counsel

After Defendant Belalcazar Garcia entered into a Plea Agreement (Dkt. 90), in
which Defendant Belalcazar Garcia pleaded guilty to Count Three of the Superseding
Indictment, Defendant Belalcazar Garcia was sentenced on November 9, 2012. The
Government filed a Motion for Downward Departure (Dkt. 133) of three levels to
Defendant's offense level, which the Court granted at sentencing. On the
Government's Motion, Counts One, Two and Four of the Superseding Indictment, and
all counts of the underlying Indictment, were dismissed at sentencing. Defendant
Belalcazar Garcia orally moved for a variance to 150 months imprisonment, which the
Court denied (Dkts. 139, 140). Defendant Belalcazar-Garcia was represented by
counsel at sentencing; Defendant's counsel noted no objections to the sentencing
proceedings. Defendant Belalcazar Garcia was sentenced to 151 months
imprisonment as to Count Three of the Superseding Indictment, to run consecutively to
the sentence imposed in Case No. 8:04-CR-545-T-30EAJ, and 120 months supervised
release as to Count Three.

Defendant Belalcazar's Plea Agreement provides:

"In any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise."

(Dkt. 90, p. 5).

Federal district courts have authority to review a prosecutor's refusal to file a substantial assistance motion to grant a remedy if they finds that the refusal was based on an unconstitutional motive, like race or religion. A defendant who merely claims to have provided substantial assistance or who makes only generalized allegations of an improper motive is not entitled to a remedy or even an evidentiary hearing. Judicial review is appropriate only when there is an allegation and a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation. See Wade v. United States, 504 U.S. 181 (1982); United States v. Nealy, 232 F.3d 825 (11th Cir. 2000).

Defendant Belalcazar Garcia does not allege or make any showing that the Government has refused to file a substantial assistance motion because of a constitutionally impermissible motivation.

After consideration, the Court denies pro se Defendant's Motion for a Rule 35, and denies the Motion for Appointment of Counsel as moot. Accordingly, it is

Case No. 8:11-CR-572-T-17MAP

**ORDERED** that pro se Defendant Omar Belalcazar Garcia's Motion for Rule 35 and for Appointment of Counsel (Dkt. 225) is **denied**; the Motion for Rule 35 is **denied**, and the Motion for Appointment of Counsel is **denied as moot.** The Clerk of Court shall provide a copy of this Order to pro se Defendant Belalcazar Garcia at the address below.

**DONE and ORDERED** in Chambers in Tampa, Florida on this 24th day of May, 2017.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

Omar Belalcazar-Garcia
42451-018
FCI
P.O. Box 1010
Bastrop, TX   78602